5561

17-R-556

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TIARA SCOTLAND and JANAYA OUTERBRIDGE, individually, and on behalf of others similarly situated,

**DEFENDANTS**

SH RESTAURANT, INC., d/b/a "CEDAR PARK CAFÉ,"

(b) County of Residence of First Listed Plaintiff   County of Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   County of Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

JTB Law Group, LLC, 155 2nd Street, Suite 4, Jersey City, New Jersey 07302 (201) 630-0000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA")

Brief description of cause:
Failure to pay minimum wage and overtime compensation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE   12/12/2017

SIGNATURE OF ATTORNEY OF RECORD

DEC 11 2017

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**17   5561**

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  815 Pleasant Road, Yeadon, PA 19050

Address of Defendant:  4914 Baltimore Avenue, Philadelphia, PA 19143

Place of Accident, Incident or Transaction:  4914 Baltimore Avenue, Philadelphia, PA 19143
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                                                            Yes☐   No☒

Does this case involve multidistrict litigation possibilities?                                                                  Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                              Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                              Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                                              Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                                              Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)  Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA")

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Jason T. Brown, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 12/12/2017                     _____                           79369
                                              Attorney-at-Law                                      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/12/2017                     _____                           79369              DEC 11 2017
                                              Attorney-at-Law                                      Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

TIARA SCOTLAND and JANAYA OUTERBRIDGE,
individually, and on behalf of others similarly situated,

Plaintiffs,

             v.

SH RESTAURANT, INC., d/b/a "CEDAR PARK CAFÉ,"

Defendant.

CIVIL ACTION

NO.   17    5561

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.       ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)



| 12/8/2017 | Jason T. Brown | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (877) 561-0000 | (855) 582-5297 | jtb@jtblawgroup.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 11 2017



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**TIARA SCOTLAND** and **JANAYA
OUTERBRIDGE,** individually, and on behalf
of others similarly situated,

           Plaintiffs,

vs.

**SH RESTAURANT, INC.,** *d/b/a*
**"CEDAR PARK CAFÉ,"**

           Defendant.

Case No.

17    5561

**FILED**

DEC 11 2017

KATE BARKMAN, Clerk
By_____Dep. Clerk

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs **TIARA SCOTLAND** and **JANAYA OUTERBRIDGE**, (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, **JTB LAW GROUP, LLC,** hereby bring this Collective Action Complaint against Defendant, **SH RESTAURANT, INC.,** *d/b/a* **"CEDAR PARK CAFE,"** (hereinafter referred to as "Defendant"), and states as follows:

### INTRODUCTION

1.      Plaintiffs bring this action to recover monetary damages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*

2.      Defendant SH Restaurant, Inc., d/b/a "Cedar Park Café" located at 4914 Baltimore Avenue, Philadelphia PA, employed tipped servers, including Plaintiffs, to greet customers, take food orders, bring food and drinks to the tables, and other normal wait staff duties.

3.      Defendant rarely, if ever, paid any wages to their servers and instead relied on customers' discretionary tips to compensate Plaintiffs.

4.      An employer seeking to rely on tips to supplement an employee's wages must comply with 29 U.S.C. § 203(m), which provides that an employer is permitted to take a credit for tips up to $5.12 per hour amount as long as (1) notice is made, (2) the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee and (3) all tips received by such employee have been retained by the employee.

5.      Defendant violated the FLSA, by rarely, if ever, paying *any* wages and instead required that customers' discretionary tips be the sole source of Servers' wages.

6.      Defendant failed to make any good faith attempt to notify Plaintiffs of the provisions of 29 U.S.C. § 203(m).

7.      An employer who fails to provide the required information to their employees informing them of the tip credit provision cannot use the tip credit and therefore must pay the tipped employee at least $7.25 per hour in wages and allow the tipped employee to keep all tips received.

8.      Moreover, an employer who fails to pay any wage to a tipped employee is required to pay at least $7.25 per hour in wages for each hour worked. *See Fact Sheet #15.*

9.      Because Defendant failed to comply with 29 U.S.C. § 203(m), its compensation scheme denied Plaintiffs the minimum wage they were entitled to under 29 U.S.C. § 206.

10.     Furthermore, Plaintiffs frequently worked over forty (40) hours per week, without any additional overtime pay for those hours in violation of the FLSA's overtime provisions. 29 U.S.C. § 207.

11.     The PMWA is interpreted the same as the federal mandated minimum wage and

2

overtime compensation standard for employees in Pennsylvania pursuant to 43 Pa. Stat. Ann. § 333.104, but sets a higher tipped wage at $2.83.

12.      In addition to their FLSA and PMWA claims, Plaintiffs also bring this collective action pursuant to 29 U.S.C. § 216(b) on behalf of all Tipped Employees employed by Defendant as hourly tipped servers at Cedar Park Café at any time within the period of the three (3) years prior to the commencement of this action through the date of judgment.

## JURISDICTION AND VENUE

13.      This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

14.      The court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts.

15.      The Court has personal jurisdiction over Defendant because company is incorporated and has a principal place of business in Pennsylvania.

16.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because Defendant employed Plaintiffs in this district and because a substantial portion of the events that give rise to the Plaintiffs' claims occurred in this district.

## PARTIES

### Plaintiff – Tiara Scotland

17.      Plaintiff Tiara Scotland is a resident of Delaware County, Pennsylvania, and signed a consent form to join this lawsuit, which is attached as *Exhibit A*.

18.      Defendant employed Plaintiff Scotland as a Tipped Server from approximately January 2015 to April 2017.

3

19. Plaintiff Scotland worked a schedule of eight hour shifts on Monday, Wednesday and Friday, each lasting from approximately 7:00 AM until 3:00 PM and a schedule of nine hour shifts on Saturday and Sunday, each lasting from approximately 7:00 AM until 4:00 PM.

20. Plaintiff Scotland's job duties as a Tipped Server included greeting and seating customers, taking and placing customers' food orders, serving food and beverages to customers, bussing tables, wiping down counters, brewing coffee, bagging delivery orders and processing customer payments.

**Plaintiff - Janaya Outerbridge**

21. Plaintiff Outerbridge is a resident of Philadelphia, Pennsylvania, and signed a consent form to join this lawsuit, which is attached as *Exhibit B*.

22. Defendant employed Plaintiff Outerbridge as a Tipped Server from approximately January 2015 to December 2016.

23. Plaintiff Outerbridge worked a schedule of eight hour shifts on Tuesday, Wednesday and Thursday, each lasting from approximately 7:00 AM until 3:00 PM and a schedule of nine hour shifts on Saturday and Sunday, each lasting from approximately 7:00 AM until 4:00 PM.

24. Plaintiff Outerbridge's job duties as a Tipped Server included greeting and seating customers, taking and placing customers' food orders, serving food and beverages to customers, bussing tables, wiping down counters, cleaning bathrooms, stocking amenities, bagging delivery orders and processing customer payments.

**Defendant**

25. Defendant SH Restaurant, Inc., does business as "Cedar Park Cafe."

26. Defendant SH Restaurant, Inc., d/b/a "Cedar Park Café," is a diner that serves

4

breakfast, lunch, and brunch located at 4914 Baltimore Avenue, Philadelphia, PA 19143.

27.     Defendant is in the service industry and employs a staff of tipped employees to serve customers food and drinks from approximately 7:00 AM until 3:00 PM, Monday – Sunday.

## FACTUAL ALLEGATIONS

28.     Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

29.     Plaintiff Tiara Scotland was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

30.     Plaintiff Janaya Outerbridge was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

31.     Defendant was and continues to be "an enterprise engaged in commerce" within the meaning of the FLSA.

32.     Defendant's annual sales exceed $500,000.

33.     Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

34.     Defendant "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

35.     Plaintiffs' typical shifts lasted anywhere from eight (8) to nine (9) hours on a daily basis. They worked five (5) shifts per week and worked, on average, approximately forty-two (42) hours or more per week.

36.     Defendant's policy was and is to rely solely on tips to compensate tipped employees.

37.     Plaintiffs rarely, if ever, received any paid wages from Defendant.

5

38.     In most, if not all, days, Plaintiffs' sole source of pay while working for Defendant was the tips that the customers provided.

39.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than minimum wage, provided that the employee's tips received from customers plus the tip credit paid by the employer equals at least the applicable minimum wage.

40.     An employer seeking to rely on tips to supplement an employee's wages must comply with 29 U.S.C. § 203(m), which provides that the maximum tip credit that an employer can claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

41.     In order to claim a tip credit, the employer must notify its employees of its intention to take the tip credit and must also inform its employees that all tips received by the employee are to be retained by the employee.

42.     Moreover, an employer must explicitly notify the employee as to the amount of the tip credit and inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

43.     An employer bears the burden of showing that it has satisfied the notification requirement of informing its employees that tips are being credited against the employee's hourly wage. If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

44.     Here, Defendant failed to inform the tipped employees of the "tip credit" requirements under the provisions of 29 U.S.C. § 203(m) and Pa. Stat. Ann. tit. 43, § 333.103(d).

6

45.     Because Defendant failed to comply with 29 U.S.C. § 203(m), its compensation scheme denied Plaintiffs the minimum wages they were entitled to under the FLSA.

46.     The Third Circuit and district courts across the country have held that where an employer fails to satisfy any one of the notification requirements, that employer forfeits the tip credit and must pay the employee the full minimum wage.

47.     The DOL interprets the statute the same way and issued Fact Sheet #15 to provide general information concerning the application of the FLSA to employees who receive tips.

48.     Fact Sheet #15 provides an employer must provide the following information to a tipped employee before the employer may use the FLSA 3(m) tip credit such as the:

> a. amount of cash wage the employer is paying the tipped employee, which must be at least $2.13 per hour;
>
> b. additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25);
>
> c. that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee; and
>
> d. that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

49.     Defendant did not notify Plaintiffs of Defendant's intention of using the tip credit method of paying wages under the FLSA to pay Plaintiffs.

50.     Defendant's unlawful scheme also resulted in violations of the FLSA and PMWA overtime provisions.

51.     Plaintiffs frequently worked over forty (40) hours per week and were not compensated for any overtime hours worked calculated at time-and-a-half (1.5) of their regular rates of pay for each hour worked.

52.     Defendant knew that Tipped Employees worked over forty (40) hours per week

7

without receiving time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

53.     Defendant was aware of its obligation to pay at least the federal and state minimum wage tip credit to their tipped employees including Plaintiffs.

54.     Defendant failed to take reasonable steps to determine whether its pay practices were compliant with the FLSA.

55.     Defendant did not record the time Plaintiffs worked.

56.     Plaintiffs regularly performed work outside of their regularly scheduled hours.

57.     Defendant failed to keep accurate records of the hours worked each day and each workweek by Plaintiffs as required under Pennsylvania law. 34 Pa. Code § 231.34.

58.     Defendant failed to maintain and preserve payroll records for Plaintiffs containing information required by 29 C.F.R. § 516.2(a).

59.     Although not required, a good faith demand letter pursuant to Rule 408 was sent to Defendant on September 14, 2017 which stated their violations of the FLSA and PMWA minimum wage and overtime compensation laws.

60.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

61.     Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiffs rarely, if ever, any minimum wage and overtime compensation. As set forth below, other prior and current tipped employees were

subjected to the same wrongful policies, practices, and/or procedures.

## FLSA COLLECTIVE ALLEGATIONS

62.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

63.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf
of all similarly situated current and former tipped employees of Defendant who rarely, if ever,
were paid minimum wage and overtime compensation as a result of Defendant's failure to
comply with the tip credit provisions as stated in 29 U.S.C. § 203(m).

64.     An "opt-in" collective action, under 29 U.S.C. § 216(b), is warranted by the
Defendant's common policies or practices of:

> a. Failing to satisfy the notice requirements of informing their tipped
> employees of the tip credit provisions; and
>
> b. Failing to pay tipped employees the mandated minimum wage and
> overtime compensation as required by the FLSA.

65.     A collective action under the FLSA is appropriate because, under 29 U.S.C. §
216(b), all of Defendant's tipped employees are "similarly situated" to the named Plaintiffs.

66.     Plaintiffs assert the foregoing violations not only individually, but collectively
pursuant to 29 U.S.C. 216(b) on behalf of the "FLSA Collective," defined as:

> *Any tipped employee at SH Restaurant, Inc., d/b/a "Cedar Park*
> *Café" at any time between three (3) years preceding the filing of*
> *this Complaint and present.*

67.     The members of the FLSA Collective are similarly situated to the named
Plaintiffs because they worked in the same or similar positions and were subjected to the same
unlawful practices, policies, or plans and their claims are based upon the same factual and legal
theories.

68.     The working relationships between Defendant and every member of the FLSA

9

Collective are the same and differ only in name. The key legal issue in the collective action—whether Defendant's pay policy and tip credit practice violates the FLSA—does not vary substantially from one collective member to another collective member.

69.     The precise number and identities of Collective members should be readily available from a review of Defendant's personnel and payroll records.

70.     Defendant is aware that the FLSA applies to their business and they are required to adhere to the rules under the FLSA.

71.     Defendant's conduct and practices, described herein, were and are willful, intentional, unreasonably, arbitrary, and in bad faith.

**COUNT I**
**(29 U.S.C. § 216(b) Individual Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, <u>et seq</u>.**
**FAILURE TO PAY MINIMUM WAGE AND OVERTIME**

72.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

73.     29 U.S.C. § 206(a) provides:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at … not less than … $7.25 an hour….

74.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

75.     Plaintiffs were not exempt from the protections of the FLSA.

10

76.     Pursuant to Defendant's pay policies, rather than pay Plaintiffs the federally mandated minimum wage and overtime compensation under the tip credit provisions, Defendant instead relied mostly, if not entirely on customers' discretionary tips to compensate Plaintiffs.

77.     As a result of Defendant's policy of failing to pay Plaintiffs the federally mandated minimum wage, there were many weeks in which Plaintiffs did not receive an amount of pay from Defendant's that averaged out to at least $7.25 per hour.

78.     As a result of Defendant's policy of failing to pay Plaintiffs the federally mandated overtime compensation, there were many weeks in which Plaintiffs did not receive an amount of pay of time-and-a-half (1.5) of each employee's regularly hourly wage.

79.     As a result of Defendant's practices, Defendant is not entitled to claim the tip credit pursuant to 29 U.S.C. § 203(m) and must pay Plaintiffs all wages owed under the federal minimum wage and overtime compensation.

80.     Defendant's failure to pay Plaintiffs minimum wage and overtime compensation was knowing and willful. Defendant knew that its policies resulted in Plaintiffs not being paid for time spent working and Defendant could have properly compensated Plaintiffs for such work, but did not. *See* 29 U.S.C. § 255(a).

81.     Defendant's failure to pay Plaintiffs minimum wage and overtime compensation was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

82.     As a result of the foregoing, Plaintiffs were illegally denied proper minimum wages and overtime compensation earned, in such amounts to be determined at trial, and are

11

entitled to recovery of total unpaid amounts, liquidated damages, reasonable attorneys' fees and costs and other compensation pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(29 U.S.C. § 216(b) Collective Action)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY MINIMUM WAGE AND OVERTIME**

83.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

84.     Defendant's Tipped Employees were not exempt from the protections of the FLSA.

85.     Pursuant to Defendant's compensation policies, rather than pay their tipped employees the federally mandated minimum wage and overtime compensation under the tip credit provisions, Defendant instead relied mostly, if not entirely, on customers' discretionary tips to compensate Plaintiffs.

86.     As a result of Defendant's willful practices, Defendant is not entitled to claim the tip credit pursuant to 29 U.S.C. § 203(m) and must pay all Tipped Employees wages under the federal minimum wage and overtime compensation standard.

87.     Defendant's failure to pay their Tipped Employees were knowing, willful, intentional, unreasonably, arbitrary, and in bad faith. Defendant knew that its policies resulted in their Tipped Employees, including Plaintiffs, not being paid for time spent working and Defendant could have properly compensated their Tipped Employees, including Plaintiffs, for such work, but did not. See 29 U.S.C. § 255(a).

88.     As a result of the foregoing, Defendant's Tipped Employees were illegally denied proper minimum wages and overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorneys' fees and other compensation pursuant to 29 U.S.C. § 216(b).

12

## COUNT III
### (PMWA, 43 Pa. Stat. Ann. § 333.10, Individual Claims)
### FAILURE TO PAY MINIMUM WAGE AND OVERTIME

89.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

90.     Defendant employed Plaintiffs within the meaning of the PMWA.

91.     Defendant required Plaintiffs to regularly work over forty (40) hours a week and Plaintiffs rarely, if ever, received any paid wages from Defendant.

92.     Defendant failed to follow the tip credit provisions in violation of the PMWA.

93.     As a result, Defendant is mandated to pay Plaintiffs the minimum wage and overtime compensation pursuant to PMWA.

94.     Defendant's conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

95.     As a result of the foregoing, Plaintiffs were illegally denied proper minimum wages and overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, reasonable attorneys' fees and cost and other compensation pursuant to PMWA.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs, Tiara Scotland and Janaya Outerbridge, individually and on behalf of all other similarly situated tipped employees, respectfully requests that this Court grant the following relief:

   a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein Count I and Count II;

   b. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the collective class members of their rights by law to join and

13

participate in this lawsuit;

c. Designating Plaintiffs as the representatives of the FLSA Collective and undersigned counsel as counsel for the same;

d. An order directing Defendant, at its expense, to investigate and account for the number of hours worked by Plaintiffs and all other Tipped Employees who opt-in to this action;

e. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount for all unpaid minimum wage and overtime compensation under the FLSA, 29 U.S.C. §§ 201, *et seq*., PMWA, 43 P.S. § 333.101, *et seq*., and attendant regulations at 29 C.F.R. §§ 516, *et seq*.;

f. A declaratory judgment that Defendant's wage practices alleged herein violate the FLSA, 29 U.S.C. §§ 201, *et seq*., PMWA, 43 P.S. § 333.101, *et seq*., and attendant regulations at 29 C.F.R. §§ 516, *et seq*.;

g. An incentive award for Plaintiffs for serving as a representative of other Tipped Employees pursuant to the FLSA;

h. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in this action as provided by statute; and

i. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs, Tiara Scotland and Janaya Outerbridge, individually and on behalf of all other Tipped Employees, by and through their attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: December 8, 2017                    By:

RESPECTFULLY SUBMITTED,

Jason T. Brown
**JTB LAW GROUP, LLC**
155 2nd St., Suite 4
Jersey City, NJ 07302
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
*Counsel for Plaintiff*

14

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIARA SCOTLAND** and **JANAYA OUTERBRIDGE,** individually, and on behalf of others similarly situated, | |
| Plaintiffs, | Case No. |
| vs. | |
| **SH RESTAURANT, INC.,** *d/b/a* **"CEDAR PARK CAFÉ,"** | |
| Defendant. | |

## CONSENT TO SUE

I, Tiara Scotland, hereby consent to be a Plaintiff in the case captioned above. I hereby consent to the bringing of any claims I may have under the Fair Labor Standards Act and Pennsylvania Minimum Wage Act (for unpaid minimum wages, overtime wages, liquidated damages, attorneys' fees and costs and other relief) and any other applicable wage and hour law against the Defendant. I further consent to bringing these claims on a collective action basis with other current/former employees of Defendant, to be represented by JTB Law Group, LLC. I agreed to be bound by any settlement of this action or adjudication by the Court. I authorize JTB Law Group, LLC, as well as its successors and assigns, to represent me in this case.

**Signed:** _____     **Dated:** 12/07/2017 _____

**Name:** _____

**Address:** _____
                                                 *Street*

_____
                                      *City, State, Zip Code*

Doc ID: 063ec3e07c47263a9f8aa8d72b5d68fe92af238d

# EXHIBIT
# B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIARA SCOTLAND** and **JANAYA OUTERBRIDGE,** individually, and on behalf of others similarly situated, | |
| | Case No. |
| Plaintiffs, | |
| vs. | |
| **SH RESTAURANT, INC.,** *d/b/a* **"CEDAR PARK CAFÉ,"** | |
| Defendant. | |

## CONSENT TO SUE

I, Janaya Outerbridge, hereby consent to be a Plaintiff in the case captioned above. I hereby consent to the bringing of any claims I may have under the Fair Labor Standards Act and Pennsylvania Minimum Wage Act (for unpaid minimum wages, overtime wages, liquidated damages, attorneys' fees and costs and other relief) and any other applicable wage and hour law against the Defendant. I further consent to bringing these claims on a collective action basis with other current/former employees of Defendant, to be represented by JTB Law Group, LLC. I agreed to be bound by any settlement of this action or adjudication by the Court. I authorize JTB Law Group, LLC, as well as its successors and assigns, to represent me in this case.

Signed: _____   Dated: __12/07/2017_____

Name: _____

Address: _____

_____*Street*_____

_____*City, State, Zip Code*_____